# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DAMASO MALDONADO, individually and on behalf of all others similarly situated, | :<br>:<br>:<br>: |
| Plaintiff, | : Case No:<br>:<br>: Hon. |
| v. | :<br>: |
| WK KELLOGG COMPANY and KELLANOVA, d/b/a KELLOGG'S, jointly and severally, | :<br>:<br>:<br>: |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Damaso Maldonado ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action against Defendants WK Kellogg Company and Kellanova (formerly known as Kellogg Company) ("Defendants" or "Kellogg's"), to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

1

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendants' annual sales exceed $500,000 and they had more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District.

5. Defendant WK Kellogg Company's principal place of business is located in Calhoun County, Michigan. Defendant Kellanova also maintains offices and operations in Calhoun County, Michigan and, pursuant to L.R. 3.2, this action is properly assigned to the Southern Division.

## PARTIES

6. Plaintiff is an adult resident of Lancaster, Pennsylvania and was employed by Kellogg's from approximately October 2022 through September 2023. Plaintiff's consent to joint form is attached as *Exhibit A*.

7. Additional putative Collective members were or are employed by Defendants in different states as hourly employees during the past three years and their consent forms will also be filed in this case.

8. The Kellogg Company was founded in 1906 and became a world leader in the manufacture and marketing of well-known cereals, snacks, and convenience foods, and operating under the famous brand name of "Kellogg's."

9. In October 2023, Kellogg Company announced a split of its North American cereal business, resulting in two independent, public companies: (a) WK Kellogg Company; and (b) Kellanova.

10. Defendant WK Kellogg Company is a Delaware corporation, headquartered in Battle Creek, Michigan and registered to do business in Michigan.

11. Defendant Kellanova is a Delaware corporation, and now headquartered in Chicago, Illinois. It maintains dual campuses in Chicago, Illinois and Battle Creek, Michigan.

12. According to the most recent public filings, Kellogg's manufacturing facilities in the United States are located in:

    a. Battle Creek, Michigan;

    b. Lancaster, Pennsylvania;

    c. Memphis, Tennessee;

    d. Omaha, Nebraska;

    e. San Jose, California;

    f. Rome, Georgia;

    g. Kansas City, Kansas;

    h. Pikeville, Kentucky;

    i. Grand Rapids, Michigan;

    j. Wyoming, Michigan;

    k. Blue Anchor, New Jersey;

    l. Cary, North Carolina;

    m. Cincinnati, Ohio;

    n. Zanesville, Ohio;

    o. Muncy, Pennsylvania;

    p. Jackson, Tennessee; and

    q. Rossville, Tennessee.

13. Defendants are engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

14. Defendants share the same registered agent for purposes of service, to wit: The Corporation Company, 40600 Ann Arbor Rd. E, Ste. 201, Plymouth, Michigan 48170.

15. Despite the recent split, Defendants retained the "Kellogg's" brand on its products around the world.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Kellogg's from approximately October 2022 through September 2023 as a non-exempt, hourly employee.

17. Plaintiff worked at Kellogg's location at 2050 State Rd., Lancaster, Pennsylvania 17601.

18. Plaintiff's most recent base hourly rate of pay was $24.11.

19. In addition to the base rate of pay, Kellogg's incorporated various types of routine and non-discretionary pay into their payment structure. For example, Kellogg's promised their hourly employees shift differential pay and other forms of remuneration.

20. Throughout Plaintiff's employment with Kellogg's, on occasions where he worked the second and/or third shift, he earned a shift differential.

21. As non-exempt employees, Kellogg's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**The Regular Rate of Pay**

22. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

23. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

24. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendants' hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

25. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

26. Plaintiff's "total remuneration" included not only his base hourly pay, but also any shift differentials. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

27. Defendants' shift differentials and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

28. However, Defendants failed to incorporate any shift differentials into their hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

29. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

30. Plaintiff and those similarly situated regularly worked in excess of 40 hours a week, and were paid some overtime for those hours, but at a rate that did not include Defendants' shift differentials as required by the FLSA.

31. For example, Plaintiff's pay stub for the pay period beginning 1/29/2023 through 2/4/2023 shows 40.63 hours of work, a base hourly rate of $24.11, and gross earnings of $1,077.94, inclusive of $11.72 in shift differential pay and $79.04 in COLA (cost of living adjustment) pay. However, his $36.165 overtime rate did not account for the extra payments and, therefore, violated the FLSA.

32. Defendants' paystubs for other similarly situated hourly employees who worked in different locations show similar violations of the FLSA regular rate calculation. Upon information and belief, Defendants maintained a centralized payroll system which calculated the regular rate in the same manner at each of their manufacturing locations.

33. The Sixth Circuit has expressly held that shift differential pay cannot

be excluded from the regular rate calculation. *Featsent v. City of Youngstown*, 70 F.3d 900, 904 (6th Cir. 1995); *see also O'Brien v. Town of Agawam,* 350 F.3d 279, 295 (1st Cir. 2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA 'regular rate.'").

34. Likewise, the U.S. Supreme Court held that shift differential pay cannot be mislabeled as an overtime premium. *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 466 (1948) ("a mere higher rate paid as a job differential or as a shift differential, or for Sunday or holiday work, is not an overtime premium.").

35. Moreover, to the extent that any of Defendants' premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

36. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

37. As a result of these *prima facie* FLSA violations, Defendants are liable

to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendants' current and former hourly employees who worked at any of Defendants' manufacturing locations in the United States at any time in the past three years.

39. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the shift differential pay and other remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

40. Upon information and belief, Defendants utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner regardless of job title or work location.

41. Resolution of this action requires inquiry into common facts.

42. These similarly situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' payroll records, which

Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

43. Notice to similarly situated employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

44. Upon information and belief, there are thousands of similarly situated current and former employees of Defendants who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

### **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

47. Defendant WK Kellogg Company is an employer within the meaning of 29 U.S.C. § 203(d).

48. Defendant Kellanova is an employer within the meaning of 29 U.S.C. § 203(d).

49. Defendants are joint "employers" under the FLSA, 29 U.S.C. § 203(d),

subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.2.

50. Defendants are engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.237.

51. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' shift differentials and other remuneration do not fall into any of those exceptions.

52. Defendants failed to include shift differentials and other remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

53. At all relevant times, Defendants maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

54. As a result of Defendants' willful failure to compensate Plaintiff and

the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff and all others similarly situated are entitled to back pay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

56. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff a list of all current and former hourly employees who worked for Defendants at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f. An award of pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: January 30, 2024  Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Kevin J. Stoops (P64371)
Kathryn E. Milz (IL ARDC 6297213)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com
kmilz@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff and the Proposed Collective*